UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

Peter Humanik ,

                            Plaintiff(s),

-against-

CIGNA Life Insurance
Company of New York

                            Defendant(s).
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/09

**CIVIL CASE MANAGEMENT PLAN**

(Judge Gerard E. Lynch)

Docket #: 09 CIV 40

After consultation with counsel for all parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

1. The case is to be tried by a jury. _____ Yes  ✓ No

    Scheduling of pre-trial practice should be arranged with a view to having the case ready for trial within approximately twelve months of the initial pre-trial conference. For routine cases, discovery should be completed within six months of that conference.

2. Joinder of additional parties must be accomplished by  5/1/09 .

3. Amended pleadings may be filed until  5/1/09 .

4. All discovery (including expert discovery) is to be completed by  10/15/09 .
    All fact discovery is to be completed by  10/15/09 .

    Interim deadlines set below may be extended by the parties on consent without application to the Court, provided the parties can still meet the discovery completion dates ordered by the Court, which shall not be adjourned except upon a showing of extraordinary circumstances.

    A. First request for production of documents, if any, to be served by w/in 30 days

    B. Interrogatories pursuant to Local Rule 33.3(a) of the Civil Rules of the Southern District of New York to be served by w/in 30 days No other interrogatories are permitted except upon prior express permission of the Court.

C. Depositions to be completed by __10/15/09__.

   i. Unless counsel agree otherwise or the Court so orders, depositions are not to be held until all parties have responded to any first requests for production of documents.

   ii. Depositions shall proceed concurrently.

   iii. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

   iv. No depositions shall be extended beyond two business days without prior leave of the Court.

D. Expert Discovery

   i. Experts for plaintiff(s), if any, are to be designated by __9/15/09__, and expert reports for plaintiff(s), shall be served by __9/15/09__.

   ii. Experts for defendant(s), if any, are to be designated by __10/15/09__, and expert reports for defendant(s), shall be served by __10/15/09__.

   iii. Experts may be deposed, but such depositions must occur within the time limit for all depositions set forth above.

E. Requests to Admit, if any, are to be served no later than __9/15/09__.

5. **Dispositive Motions.** A schedule for dispositive motions, if any, will be set at the post-discovery conference.

   All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at http://www.nysd.uscourts.gov. Note that under those rules, two courtesy copies of all motion papers are to be provided to chambers by the movant at the time the reply is filed. It is the responsibility of the movant to make sure that copies of all parties' papers are provided at that time. Any party may request oral argument by letter at the time reply papers are filed. Whether or not requested, the Court will determine whether and when oral argument is to be held.

6. **Joint Pretrial Order.** The joint pretrial order shall be filed no later than 30 days after completion of discovery, or after the final decision of any dispositive motion, whichever is later, unless a different date is set by order of the Court. The requirements for the pretrial order and other pre-trial submissions shall be governed by the Court's Individual Practice Rules.

7.  **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and state (1) the origina date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency, it shall be made at least 48 hours prior to the scheduled appearance.

8.  **Discovery Disputes.** Unless otherwise directed, counsel should describe their discovery disputes in a <u>single letter, jointly composed</u>. Separate and successive letters will be returned, unread. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support.

9.  Counsel consent to trial (or other dispositive decision) by a U.S. Magistrate Judge.

    Yes _____          No ___✓_____


NEXT CASE MANAGEMENT CONFERENCE  <u>Oct. 16, 2009 at 10:00 a.m.</u>
*(To be completed by the Court)*

Dated:
New York, New York

April 15, 2009

SO ORDERED:

_____
GERARD E. LYNCH
United States District Judge